UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| LORING JUSTICE, *individually* and *as Next of Friend of N.N./N.J., a minor*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) ) | No.: 3:19-cv-185 |
| KIM NELSON, DAVID VALONE, MARTHA MEARES, PAUL DILLARD, THE LAW OFFICE OF DAVID VALONE, MEARES AND DILLARD, and MEARES AND ASSOCIATES, | ) ) ) ) ) ) ) | Judge Curtis L. Collier Magistrate Judge Debra C. Poplin |
| *Defendants.* | ) | |

## **M E M O R A N D U M**

Defendants Martha Meares, Paul Dillard, Meares and Associates, and Meares and Dillard have filed a motion for a more definite statement. (Doc. 10.) Defendants contend Plaintiffs' complaint fails to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. (Doc. 11.) Specifically, Defendants assert the complaint alleges several predicate offenses as part of the claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, but rarely does it identify which defendant allegedly committed the predicate act, how it was committed, and when, and the complaint does not adequately allege how Plaintiffs were damaged. (*Id.*) Defendants thus request an order requiring Plaintiffs to comply with Rule 9(b) by either filing a RICO case statement or amending the complaint. (*Id.*)

Plaintiffs have filed a response in opposition. (Doc. 14.) Plaintiffs contend Defendants' motion should be denied because it does not meet the "unintelligible and prejudicial" standard required for granting a motion for a more definite statement. (*Id.*) Defendants are simply seeking greater detail from the complaint, which Plaintiffs contend is properly sought through discovery,

not a motion for a more definite statement. (*Id.*) Plaintiffs also assert a failure to comply with Rule 9(b) is grounds for a motion to dismiss, not a motion for a more definite statement. (*Id.*) Finally, Plaintiffs note the Eastern District of Tennessee does not mandate the filing of a RICO case statement, and thus Plaintiffs should not be required to file one. (*Id.*)

I. **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading that "is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statements are generally disfavored and "should not be used as a substitute for discovery." *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007). Rather, they are designed "to strike at unintelligibility . . . [and] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Id.* (quoting *Schwable v. Coates*, No. 3:05-cv-7210, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18, 2005)).

II. **DISCUSSION**

Generally, a pleading need only contain a short and plain statement of a claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). If a party is alleging fraud or mistake, however, the complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Compliance with Rule 9(b) requires "a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud." *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (internal citations and quotations omitted). A failure to satisfy the requirements of Federal Rule of Civil Procedure 9(b) can be addressed by either a

motion to dismiss or a motion for a more definite statement. *See Galler Lehman Law, P.A. v. Steve Miller & Assocs., Inc.*, No. 3:14-cv-591, 2015 WL 13755449, at *4 (E.D. Tenn. June 18, 2015) ("If a plaintiff fails to satisfy the pleading requirements of Rule 9(b), the plaintiff may be ordered to provide a more definite statement of its pleading in lieu of dismissal.") (citing *Coffey*, 2 F.3d at 162). Rule 9(b)'s heightened pleading standard applies to RICO claims that involve allegations of fraud, but Rule 8 notice pleading remains the standard for non-fraud RICO predicate offenses. *See, e.g., Wall v. Mich. Rental*, 852 F.3d 492, 496 (6th Cir. 2017) (applying Rule 9(b) to predicate acts of wire, mail, and bank fraud); *Dowling v. Select Portfolio Servicing, Inc.*, No. 2:03-CV-049, 2006 WL 571895, at * 9 (S.D. Ohio Mar. 7, 2006) (declining to apply heightened pleading standard to RICO conspiracy claims); *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002) (explaining the particularity requirement applies only to RICO acts predicated upon fraud).

Here, Plaintiffs have alleged RICO predicate offenses of extortion, blackmail, coercion, and fraud. Thus, the complaint must allege with particularity the fraud predicate offenses. The Court finds it fails to do so. In alleging open-ended continuity, the complaint states, "Defendants' emails and communications amongst themselves and to Justice's counsel or Justice via email or phone establishes wire fraud within the meaning of RICO." (Doc. 1 at 33 ¶ 291.) However, nowhere else in the complaint is there any mention of emails or phone calls amongst Defendants or with Justice or his counsel. Plaintiffs cannot simply state communications exist to establish wire fraud; the complaint must allege the time, place, and content of the misrepresentation upon which Plaintiffs relied. *See Coffey*, 2 F.3d at 161–62. Later, the complaint states, "Under and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of specific racketeering activity, including extortion, blackmail, witness intimidation and coercion and fraud, as well as obstruction of justice and wire fraud." (Doc. 1 at 41 ¶ 315.) Again, Plaintiffs fail to

3

provide any particular factual allegations regarding the time, place, and content of the misrepresentations for the fraud and wire fraud claims, as is required by Rule 9(b). *See* Fed. R. Civ. P. 9(b). Thus, Court finds the complaint fails to plead with particularity the fraud and wire fraud predicate offenses and Defendants cannot fairly be expected to respond to those claims as they are currently alleged.

With respect to the remaining alleged predicate offenses of extortion, blackmail, and coercion, Rule 8's notice pleading standard applies. *See Dowling, Inc.*, 2006 WL 571895, at *9; *Robbins*, 300 F.3d at 1211. Under that standard, a complaint need only "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 56 (1957)). Here, the complaint sets out sufficient factual allegations for each of the remaining predicate offenses to provide adequate notice for Defendants regarding what each claim is and what it relies on. Thus, the complaint complies with Rule 8 for the remaining alleged predicate offenses and is not so unintelligible as to require a more definite statement on those claims.

Accordingly, the Court will **GRANT IN PART** Defendants' motion for a more definite statement. While the Eastern District of Tennessee does not automatically require the filing of a RICO case statement, it has been this Court's practice to require one. *See Anderson v. Thompson*, No. 1:07-CV-100, 2007 WL 1490596, at *1 (E.D. Tenn. May 21, 2007). Thus, the Court will **ORDER** Plaintiffs to provide a RICO case statement for the allegations of fraud. Pursuant to this Court's prior practice, *see Anderson*, 2007 WL 1490596, at *1, this case statement shall include the facts Plaintiffs are relying upon to initiate the RICO fraud claims as a result of the "reasonable inquiry" required by Federal Rule of Civil Procedure 11. The specific requirements of the RICO case statement are set out in the accompanying Order.

**III.     CONCLUSION**

For the foregoing reasons, the Court will **GRANT IN PART** Defendants' motion (Doc. 10). Plaintiffs shall file a RICO case statement regarding the claims of fraud within **fourteen days** of the Court's order, *see* Fed. R. Civ. P. 12(e), and Defendants shall file a responsive pleading **fourteen days** after the RICO case statement is provide, *see* Fed. R. Civ. P. 12(a)(4)(B).

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**